UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

JEFFREY GRANT,

          Plaintiff,

   -v-                                    No. 09 Civ. 1918 (LTS)(KNF)

W. HARVEY et al.,

          Defendants.

------------------------------------------------------x

## ORDER

Plaintiff Jeffrey Grant ("Plaintiff"), proceeding pro se, brings this action against Sergeant David Mahunik ("Mahunik") and Lieutenant Scott Kelly ("Kelly"), as well as against R. Williams, Walter Harvey, Kevin Mayes, and C. Cooper (with Mahunik and Kelly, "Defendants") pursuant to 42 U.S.C. § 1983, asserting claims of excessive force in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Further, raising potential due process claims, Plaintiff accuses Kelly of manufacturing false evidence in the form of a memorandum attributing certain statements to Plaintiff, which was used in Plaintiff's prison disciplinary proceeding, and accuses Mahunik of filing unfounded charges against Plaintiff, as Mahunik's signature appears on the relevant inmate misbehavior charge document.

Kelly and Mahunik have moved for summary judgment dismissing all claims as against them. The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1367. The Court has reviewed thoroughly the parties' submissions and, for the following reasons, grants the motion for summary judgment.

BACKGROUND

The following facts are undisputed unless otherwise indicated. On October 20, 2008, at Sing Sing Correctional Facility, Plaintiff was returning from the bathhouse to his cell block when defendant Cooper asked him to submit to a pat frisk. Plaintiff alleges that he "complied without any problem" but that one or more corrections officers accused him of sexual deviance and began making threats against him. (Am. Compl. ¶ 9.) Plaintiff responded, "[Y]ou all have the wrong impression about me and if you put a hand on me, I will make sure that I will press charges on all of you." (Id.) Plaintiff alleges that he was then physically beaten by certain Defendants. (Id.) Plaintiff concedes that neither Kelly nor Mahunik was involved in this altercation. (Grant Dep. 67-68, Kim Decl. Ex. E.)

Immediately after the altercation, Kelly escorted Plaintiff to another area of the prison to receive medical treatment for his injuries. In a memorandum dated the same day, Kelly recounted his interaction with Plaintiff as follows:

> [Plaintiff] admitted to me that he had been standing in A Block with his hands in his pants. He stated he did not feel he should have been pat frisked because that is just how he stands. He stated that he did become argumentative with staff. I then asked him if he had told the Officers that he "cuts police?" He stated that he had, and then reiterated the comment to me yelling, "I do cut the Police. Check my Record!"

(Kelly Mem., Kim Decl. Ex. D.) Plaintiff alleges that Kelly fabricated Plaintiff's confession that he threatened prison staff and that he said he "cuts police." (Grant Aff. ¶ 18.)

On account of the altercation, an Inmate Misbehavior Report was filed against the Plaintiff, asserting six rule violations, including assault on staff and violent conduct. (Misbehavior Report, Kim Decl. Ex. C.) Defendant Cooper wrote the Misbehavior Report and

signed it on a line labeled "Reported by." Signatures that appear to belong to defendants Mayes and Harvey were made on lines labeled "Endorsements of Other Employee Witnesses (if any)." At the very bottom of the report, defendant Mahunik signed the Report on a line labeled "Area Supervisor."[1] In an affidavit filed in support of the instant motion, Mahunik asserts that he endorsed the report "pursuant to standard protocol" and that, by endorsing the report, he "merely verified that the Corrections Officer's description of the incident contained in the misbehavior report correlates to the violations charged in the misbehavior report" and that he was not "verifying the statements in the report." (Mahunik Aff. ¶ 4.) Plaintiff alleges, to the contrary, that "Mahunik endorsed the misbehavior report in his efforts to justify the Defendants' assaultive behavior and illegal conduct toward Plaintiff." (Pl.'s Aff. in Opp. to Mot. for Summ. J. ¶¶ 13, 14.)

Plaintiff was tried on all six charges in the Misbehavior Report at a prison disciplinary hearing during which Plaintiff testified and was afforded the opportunity to call witnesses and question the officers involved. (Trans. Disc. Hearing. Oct. 31, 2008, p. 4., Kim Decl. Ex. F.) The hearing officer found Plaintiff guilty of all six charges. Plaintiff's punishment included five months in the prison's special housing unit and the loss of various privileges. (Id. at 5.)

Plaintiff later filed an Inmate Grievance Complaint in connection with the altercation, alleging that he had been assaulted. His grievance was denied, first, by the prison

---

[1]   On the copy of the Inmate Misbehavior Report filed with the Court, the text at the bottom edge of the page is only partially visible. Both parties agree, however, that Mahunik signed the Report.

superintendent (Kim Decl. Ex. F), and, on appeal, by the Central Office Review Committee. (Kim Decl. Ex. G.)

DISCUSSION

Summary judgment is to be granted in favor of a moving party if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986) (the moving party bears the burden of establishing that there is no genuine issue of material fact). A fact is considered material "if it might affect the outcome of the suit under the governing law," and an issue of fact is a genuine one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Holtz v. Rockefeller & Co. Inc., 258 F.3d 62, 69 (2d Cir. 2001) (quoting Anderson, 477 U.S. at 248). The Second Circuit has explained, however, that "[t]he party against whom summary judgment is sought . . . 'must do more than simply show that there is some metaphysical doubt as to the material facts . . . the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). Similarly, "mere conclusory allegations, speculation or conjecture" will not suffice to defeat summary judgment. Cifarelli v. Vill. of Babylon, 93 F.3d 47, 51 (2d Cir. 1996); see also Fed. R. Civ. P. 56(e).

In the case of a pro se litigant, the Court reads pleadings leniently and construes them to raise "the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999). However, the pleadings must still contain factual allegations that raise a

"right to relief above the speculative level." Dawkins v. Gonyea, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In his Amended Complaint, Plaintiff has asserted only violations of his Eighth Amendment right to be free from cruel and unusual punishment through the use of excessive force. Summary judgment will be granted in favor of defendants Kelly and Mahunik with respect to Plaintiff's Eighth Amendment claim, as Plaintiff has conceded that Kelly and Mahunik were not personally involved in the altercation at issue, and personal involvement is a prerequisite to an award of damages pursuant to § 1983. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (citation and internal quotation marks omitted).

Plaintiff's assertion that Defendants Kelly and Mahunik can be held liable under Section 1983 for an Eighth Amendment violation on the basis of an alleged post-beating cover up is unfounded as a matter of law. See Williams v. Miller, 10 cv 163, 2011 WL 2174950, *4 (E.D. Tex. June 3, 2011) (Prisoner's allegation that prison officials "attempted to 'cover up' the injury did not amount to a violation of constitutional rights necessary in order to proceed with a [section 1983] claim.").

In light of Plaintiff's pro se status, the Court has also considered whether the Amended Complaint states a claim for violations of other constitutional rights, and the Court finds that the only potential claims meriting further attention in connection with the instant motion practice are claims for violations of Plaintiff's due process rights. "To present a due process claim, a plaintiff must establish (1) that he possessed a liberty interest and (2) that the

defendant(s) deprived him of that interest as a result of insufficient process." Ortiz v. McBride, 380 F.3d 649, 654 (2d Cir. 2004) (citation and some internal punctuation omitted). Furthermore, although "[t]he due process protections afforded a prison inmate do not equate to the full panoply of rights due to a defendant in a criminal prosecution," an inmate is entitled to the following:

> advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken.

Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004) (citations omitted). "The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Freeman v. Rideout, 808 F.2d 949, 951 (2d. Cir. 1986).

With regard to Plaintiff's allegation that Mahunik filed a false misbehavior report, the report in question shows that Mahunik did not sign the report as a witness. Mahunik's affidavit asserts that he signed the report only as part of regular procedures to check that the charges fit the accusations contained therein. Without more, Plaintiff's assertion that Mahunik was making a false factual proffer, and that he was doing so to protect fellow officers, is purely conjectural.

Assuming without deciding that Plaintiff's five months of confinement in the prison's special housing unit constitutes a deprivation of liberty, Plaintiff has not proffered facts to support a finding that such deprivation was the result of insufficient process. Plaintiff was afforded a hearing to rebut the charges against him. (Am. Compl. ¶ 19.) A misbehavior report was issued apprising Plaintiff of the charges in advance of the hearing. (Id. ¶ 16.) At the

hearing, Plaintiff marshaled a defense and called witnesses. (Id. ¶ 19.) The hearing officer rendered a verdict and explained the basis for his verdict on the record. (Oct. 31, 2008, hearing transcript p. 5, Ex. F, Kim Decl.) Plaintiff has not alleged partiality on the part of the hearing officer or that he was denied a written statement of the disposition. Accordingly, Plaintiff's opposition is insufficient to raise any genuine factual issue as to whether his due process or other constitutional rights were violated.

## CONCLUSION

For the forgoing reasons, the motion for summary judgment dismissing the Amended Complaint as against defendants Mahunik and Kelly is granted. This resolves docket entry number 34.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

This case remains referred to Magistrate Judge Fox for general pretrial management.

SO ORDERED.

Dated: New York, New York
       December 23, 2011

_____
LAURA TAYLOR SWAIN
United States District Judge